IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00531-FDW
(3:11-cr-00042-FDW-1)

| | | |
|---|---|---|
| ROBERT HIKEEN SEIGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. The Government has filed a response in which it contends that Petitioner should be entitled to limited relief, and that the remaining claims should be dismissed without prejudice.

I. BACKGROUND

On October 25, 2011, Petitioner pled guilty pursuant to a written plea agreement to one count of interference with commerce by threat or violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951 (Count Three), and one count of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four). Petitioner was sentenced to a term of 52-months imprisonment on Count Three and a consecutive term of 84-months imprisonment on Count Four for a total of 136 months. (3:11-cr-00042, Doc. No. 42: Judgment in a Criminal Case). Petitioner's judgment was entered on September 17, 2013, and he did not file a notice of direct appeal although he contends in this proceeding that he expressly instructed his attorney to do so.

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant expressly directs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes per se ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no what the matter the potential merits of his claims for relief might be or even if he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). The Supreme Court has reaffirm[ed] "the time-honored principle that an attorney is not at liberty to disregard the appellate wishes of his client." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007) (internal citations omitted). See also Rodriguez v. United States, 395 U.S. 327, 329-330 (1969) (defendant has absolute statutory right to direct appeal).

In the instant case, Petitioner repeatedly maintains in his sworn petition that he instructed his attorney to file a direct appeal. See Section 2255 motion (my lawyer never filed a direct appeal even after Petitioner directed her to do so; Petitioner was under the impression that his attorney had filed an appeal; Petitioner's lawyer never followed up on filing his direct appeal with the clerk's office). (3:14-cv-00531, Doc. No. 1).

In its response, the Government contends that the appropriate remedy in this case is to vacate Petitioner's criminal judgment and enter a new judgment from which Petitioner could file a direct appeal. The Government notes that even if an affidavit were submitted from Petitioner's attorney which expressly refuted Petitioner's claim that he instructed her to file a direct appeal, the Court would need to resolve the conflicting evidence by conducting an evidentiary hearing. See (Doc. No. 5: Government's Response at 3) (citing United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 1993)).

Upon review of the Petitioner's verified motion, the Government's response, and the applicable authority, the Court finds that Petitioner's criminal judgment should be vacated and a new judgment entered for the limited purpose of allowing Petitioner to file a direct appeal in his criminal case. Petitioner's remaining claims for relief will be dismissed without prejudice to his ability to file another § 2255 motion, if he so chooses, after conclusion of the direct appeal.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **GRANTED IN PART** for the reasons stated herein. (Doc. 1). The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment that was filed on September 17, 2013, and submit it to the Court for consideration. (3:11-cr-00042-FDW-1, Doc. No. 26: Judgment in a Criminal Case.

**IT IS FURTHER ORDERED** that Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 13, 2015

Frank D. Whitney
Chief United States District Judge