# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00331-FDW
# (CRIMINAL CASE NO. 3:11-cr-00042-FDW-1)

| | |
|---|---|
| **ROBERT HIKEEN SEIGLE,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 7]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

## I.   BACKGROUND

On February 15, 2011, Petitioner Robert Hikeen Seigle ("Petitioner") was charged in a Bill of Indictment with two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One and Three); two counts of possessing and brandishing a firearm in furtherance of a "crime of violence," that is Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two and Four); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five).  [CR Doc. 1: Indictment].  On October 24, 2011, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00331-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:11-cr-00042-FDW-1.

Counts Three and Four, and the Government agreed to dismiss Counts One, Two, and Five. [CR Doc. 14 at 1: Plea Agreement]. The Petitioner faced a maximum term of twenty 20 years' imprisonment for Count Three, see 18 U.S.C. §§ 1951, and a mandatory consecutive sentence of not less than 7 years to life for Count Four, see 18 U.S.C. § 924(c)(1)(A).

On October 25, 2011, Petitioner pleaded guilty to Counts Three and Four. [CR Doc. 15: Acceptance and Entry of Guilty Plea]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). In the PSR, the probation officer noted the mandatory 7 years to life consecutive sentence for Petitioner's § 924(c) conviction. [CR Doc. 21 at ¶ 71]. The probation officer found the Total Offense Level (TOL) for Count Three to be 19 and the Criminal History Category to be IV. This yielded a Guidelines Range calling for a term of imprisonment for Count Three between 46 and 57 months, followed by a mandatory consecutive sentence of not less than 7 years for Count Four. [Id. at 6, 9, 14].

The Petitioner's sentencing hearing was held on August 26, 2013. At the hearing, the Court adopted the PSR and sentenced Petitioner to a term of imprisonment of 52 months on Count Three and 84 months on Count Four, to be served consecutively to the term imposed on Count Three, for a total term of 136 months' imprisonment. [CR Doc. 26 at 2: Judgment]. Judgment on this conviction was entered on September 17, 2013. [Id.]. Petitioner did not file a direct appeal from this Judgment.

On May 13, 2016, Petitioner filed motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2].

Then, upon the request of the Government, this matter was stayed pending the Fourth

Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. The Court ordered that the Government would have 60 days to respond to Petitioner's motion once the Supreme Court issued its ruling in Davis. [Doc. 6]. The Supreme Court decided Davis on June 24, 2019. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 7]. The Petitioner, despite being represented by counsel, did not respond.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims argues he is entitled to relief on these grounds because, under Johnson, his conviction on Count Four was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA)

residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 3 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Four

is valid if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is valid. The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 7] is **GRANTED**.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge